

**U.S. Department of Justice**

*United States Attorney
District of Maryland*

*P. Michael Cunningham
Assistant United States Attorney
michael.cunningham@usdoj.gov*

*Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119*

*Direct: 410-209-4884
Main: 410-209-4800
Fax: 410-962-3091*

April 5, 2018

Sedira Banan, Esquire
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201

    Re:    *United States v. Bryan E. Evans*
           Criminal No: <u>MJG--16-0498</u>

Dear Ms. Banan:

       This letter, along with the Sealed Supplement, confirms the plea agreement, which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by April 19, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

      1.    The Defendant agrees to waive indictment and plead guilty to a Criminal Information charging him with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

      2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

         a.    First, that the defendant knowingly possessed a visual depiction;

         b.    Second, that the visual depiction was transported in or affecting interstate or foreign commerce *or* the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce;

1

  c. Third, that the visual depiction was child pornography; and

  d. Fourth, that the defendant knew of the sexually explicit nature of the material and that the visual depictions were of actual minors engaged in that sexually explicit conduct.

### Penalties

3. a. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: not more than ten (10) years imprisonment, followed by a term of supervised release of not less than five (5) years and not more than life and a fine of $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, and must pay a $5,000 special assessment pursuant to 18 U.S.C. § 3014 absent a finding of an inability to pay by the Court, both of which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

  b. The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

### Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

  a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

  b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty

2

of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

   d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

   e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against his. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

   f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

   g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

   h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential consequences.

## Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of

Facts at Attachment A, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors.

      a.    The base offense level is eighteen (18) pursuant to U.S.S.G. § 2G2.2(a)(1);

      b.    Pursuant to U.S.S.G. § 2G2.2(b)(6), there is a two (2) level increase because the offense involved the use of a computer. (Subtotal: 20).

      c.    Pursuant to U.S.S.G. § 2G2.2(b)(7)(C), there is a three (3) level increase because of the number of images (videos) possessed. (Subtotal: 23).

      d.    Pursuant to U.S.S.G. § 2G2.2(c), the guideline offense level is calculated under U.S.S.G. § 2G2.1, because the offense involved causing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. The offense level for the exploitation of each of the eight (8) minors involved would be 32, and pursuant to U.S.S.G. § 3D1.4, and additional 5 levels would be added, resulting in an offense level of 37.

      e.    This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

      f.    Accordingly, the final adjusted offense level is 34.

7.    The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

### Rule 11 (c) (1) (C) Plea

8.    The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of <u>96 months</u> incarceration in the Bureau of Prisons, is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the

government would be bound by the specific sentence or sentencing range contained in this paragraph, and the Defendant would not be able to withdraw his plea.

9. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Obstruction or Other Violations of Law

10. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. §3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph. The Defendant acknowledges that he may not withdraw his guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failure to acknowledge personal responsibility. In that event, neither the Court nor the government would be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to 11(c)(1)(C).

### Restitution

11. The Defendant agrees that, under Title 18 United States Code, §§ 3663A, 2259, and 3771, all of the minor victims referenced in Attachment A may be entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§ 2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant

is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Collection of Financial Obligations

12. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

13. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

14. The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

## Forfeiture

15. The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence or place of employment in connection with search warrants executed at those locations. This includes any computers, hard drives, phones, cameras, or other recording devices seized in connection with this case, and specifically:

    a. Samsung Galaxy Mega 2 smart phone; and

    b. Samsung Galaxy Mega smart phone, S/N RF2R21YX4QW.

## Waiver of Defenses and Appeal

16. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except that the

Defendant reserves the right to appeal any sentence above the agreed upon term.

   c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Entire Agreement

18. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

         Very truly yours,

         Stephen M. Schenning
         Acting United States Attorney

By: _____
   P. Michael Cunningham
   Assistant United States Attorney

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

4-18-18
Date

X_____
  Bryan Edward Evans

7

I am Bryan Evans' attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_4/18/18_
Date

_[signature]_
Sedira Banan, Esq.

**Attachment A**

*The undersigned parties hereby stipulate and agree that the following facts are true and accurate, and that if this matter had gone to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter gone to trial.*

Bryan Edward Evans ("Evans"), age 36, is a resident of Princess Anne, Maryland. Due to a constellation of medical issues, Evans is largely housebound. As detailed below, Evans has been involved in causing young men to produce pornographic images of themselves and he has collected and possessed those images.

On June 31, 2016, Maryland State Police received a cybertip from the National Center for Missing and Exploited Children relating to Facebook accounts involving the defendant and a woman. The investigation revealed that the account belonging to "the woman" was in fact an account set up and used by Evans, but with the real name and photograph of an unsuspecting, mid-20s female who had her own Facebook account. Between on or about August 13, 2014 through in or about February, 2016, Evans used the fake account to contact and entice eight boys under the age of 18 to send sexually explicit photographs/videos of themselves to Evans. He kept the photographs/videos until he was contacted by law enforcement officers on June 28, 2016, at which time they executed a search warrant at his residence.

Evans would engage in exchange of Facebook messages/communication with the boys who were the targets of his solicitations. He portrayed himself as a teenage girl, using the photograph of the real woman described above, and the conversations inevitably turned to discussions about sexual acts. Evans would encourage the boys to send photos or videos of themselves with the expectation that the teenage girl with whom they thought they were communicating would reciprocate with sexually suggestive photographs of herself.

The investigation of Evans activities on Facebook revealed that on or about August 13, 2014, Evans enticed then 14-year-old minor male #1 to send a video of the boy masturbating to Evans' fake Facebook account. On or about April 19, 2015, Evans enticed then 14-year-old minor male #2 to send three (3) pictures of his erect penis to Evans' fake Facebook account. On or about July 30, 2015, Evans enticed then 14-year-old minor male #3 to send a video of himself masturbating, along with nine images of the boy's erect penis. On or about August 28, 2015, Evans enticed then 13-year-old minor male #4 to send 2 pictures of his erect penis to Evans' fake Facebook account. On or about September 2, 2015, Evans enticed then 15-year-old minor male #5 to send 3 photos of his buttocks and erect penis to Evans' fake Facebook account. On September 5, 2015, Evans enticed then 14-year-old minor male #6 to send 2 pictures of his erect penis to Evans' fake Facebook account. Between or about January 2, 2016 and January 17, 2016, Evans enticed then 14-year-old minor male #7 to send one video of him masturbating and 12 pictures of the boy's erect penis. On February 6, 2016, Evans enticed then 14-year-old minor male #8 to send a video of himself masturbating, along with nine images of the boy's erect penis. These videos and photographs depicting child pornography were discovered in Evans' possession when law enforcement executed a search and seizure warrant at his residence on June 28, 2016.

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as part of my plea agreement with the government in this case

_____
Bryan Edward Evans

I am Mr. Evans' attorney. I have carefully reviewed the statement of facts with him.

_____
Sedira Banan, Esquire

2